IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAYELESH RAMANBHAI PATEL, and MANISHABEN PATEL,

Plaintiffs,

vs.

JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Defendants.

**4:26CV3083**

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

In the Spring of 2025, this Court was inundated with a spate of substantively identical cases filed by migrants *pro se* seeking orders compelling the Director of United States Citizenship and Immigration Services (USCIS) to issue bona fide determinations on their pending Forms I-918 and/or Forms I-918A and related Forms I-765 for work authorization.[1] The undersigned dismissed all of those cases that came before him on motions to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[2] More than a year later, the Court is presented with a similar Complaint "seeking mandamus, declaratory, and injunctive relief based on the failure of the United States Citizenship and Immigration Services ('USCIS') to adjudicate [Plaintiffs' pending I-918/I-918 Applications for U Nonimmigrant visas] and issue a *bona fide* determination." Filing 1 at 2 (¶ 1) (interpolating in brackets an allegation from Filing 1 at 3 (¶ 6)).

[1] As of May 1, 2025, there were 140 such cases, all of which were listed in a footnote in *Patel v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV58, 2025 WL 1295470, at *1 n.1 (D. Neb. May 5, 2025).

[2] *See, e.g.*, *Patel*, 2025 WL 1295470; *Rodriguez v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV84, 2025 WL 1295332, at *1 (D. Neb. May 5, 2025); *Patel v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV65, 2025 WL 1295462, at *1 (D. Neb. May 5, 2025); *Amaya v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV138, 2025 WL 1295330, at *1 (D. Neb. May 5, 2025); *Monroy v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV74, 2025 WL 1267767, at *1 (D. Neb. May 1, 2025).

Plaintiffs represent that their applications have been pending since July 10, 2025. Filing 1 at 2 (¶ 1). Although this case differs in some details—including that these Plaintiffs have counsel and they have resisted Defendants' Motion to Dismiss—the issues and the Court's disposition remain the same. Thus, Defendants' Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), Filing 9, is granted, and this case is dismissed in its entirety.

## I. INTRODUCTION

The Court will not belabor its disposition of this case, which presents few substantive differences from the earlier spate of cases and none requiring either extended discussion or a different outcome. However, a summary of the factual and procedural background is still in order.

Plaintiffs Jayelesh Ramanbhai Patel and Manishaben Patel allege the following factual background to the case:

> 15. Plaintiffs have pending I-918 / I-918A Applications for U Nonimmigrant visa. Plaintiff, Jayelesh Ramanbhai Patel was a victim of victim of Felonious Assault (Armed Robbery). Plaintiffs also have pending I-765 applications for Employment Authorization Documents.
>
> 16. On July 10, 2025, Plaintiff, Jayelesh Ramanbhai Patel, submitted an application for I-918 U Nonimmigrant visa by filing the USCIS form I-918. Plaintiff, Jayelesh Ramanbhai Patel Santiago [sic] also petitioned for all other Plaintiffs herein named [as derivative applicants for U nonimmigrant status]. Concurrently with his application and the petitions, they filed I-765 applications for Employment Authorization Document.
>
> 17. On November 11, 2025 USCIS issued receipt notices confirming receipt of Plaintiffs' petitions.
>
> 18. On December 2, 2025, the USCIS captured Plaintiffs' biometrics at Greer, SC. The applications remain pending.
>
> 19. Plaintiffs' U Visa and I-765 applications have remained pending since July 2025, a period longer than 180 days. Plaintiffs still await their *bona fide* determination.

Filing 1 at 4 (¶¶ 15–19) (second bracketed language in ¶ 16 interpolated from Filing 1 at 3 (¶ 7); *see also* Filing 1 at 3 (¶¶ 6–10) (nearly identical allegations). The relationship between Jayelesh

Patel and Manishaben Patel is not alleged in the Complaint, but the inference is that Manishaben is the derivative applicant mentioned in Filing 1 at 3 (¶ 7). Elsewhere in their Complaint, Plaintiffs allege that their "petitions included a completed and signed I-918 Supplement B law enforcement certification, a signed statement, and properly completed forms." Filing 1 at 6 (¶ 26).

In their Complaint, § VII. CAUSE OF ACTION, Plaintiffs explain that they "are requesting that Defendants immediately take all actions necessary to make *bona fide* determinations on their U Visa applications and issue any ancillary benefits with regards to such determinations." Filing 1 at 5 (¶ 21). They also allege that "[t]he issuance of *bona fide* determinations is a ministerial, non-discretionary task that Defendants must perform within a reasonable period of time." Filing 1 at 5 (¶ 23) (citing *Yu v. Brown*, 36 F. Supp. 2d 922, 931 (D.N.M. 1999)). After this and other allegations about immigration law, Plaintiffs assert the following:

> 27. It has now been more than sixty (60) days since the petitions were filed.
>
> 28. Defendants have failed to properly carry out their adjudicative functions delegated to them. The Government officials and Agencies named in the Complaint violated their statutory and regulatory duties owed to Plaintiffs to timely review and issue *bona fide* determinations in accordance with the Trafficking Victims Protections Reauthorization Act 2008 ("TVPRA"). *See*, INA § 214(p)(6) [8 U.S.C. § 1184(p)(6)]. Also, *see* 5 U.S.C. § 555(b) (Agency required to conclude matters presented to it within a reasonable period of time). This is certainly ample time to review and make a decision concerning the *bona fide* status of Plaintiffs' petitions.
>
> 29. No other adequate remedy is available to the Plaintiffs. The [administrative] case has been pending for more than six months. Plaintiffs completed their biometrics more than six months ago. Plaintiffs have still not received *bona fide* determinations.
>
> 30. The delay has resulted in significant hardship to the Plaintiffs. Plaintiffs have been deprived of deferred action status; employment authorization documents and all other ancillary benefits including a social security number which may be granted upon the issuance of *bona fide* determinations. *See*, INA § 214(p)(6) [8 U.S.C. § 1184(p)(6)] ("The Secretary may grant work authorization to any alien who has a pending, *bona fide* application for nonimmigrant status under section 101(a)(15)(U).").

Filing 1 at 6 (¶¶ 26–30).

Plaintiffs pray that the Court will do the following:

1) Assume jurisdiction of this cause;

2) Declare that the delay in issuing *bona fide* determinations on the pending I-918 / I-918A petitions for U Nonimmigrant status is unreasonable.

3) Compel the Defendants to immediately take all actions necessary to make *bona fide* determinations within 60 days of this Court's Order in the instant case, and grant work authorization upon *bona fide* determinations.

4) Grant reasonable attorney's fees;

5) Grant any other relief as this Court deems proper.

Filing 1 at 6–7 (¶¶ 1–5).

## II. LEGAL ANALYSIS

As legal background, the U visa program was created as part of the Victims of Trafficking and Violence Protection Act of 2000 and is codified at 8 U.S.C. § 1101(a)(15)(U). The Immigration and Nationality Act (INA) provides in part, "The Secretary [USCIS] may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6). Based on this authority, USCIS implemented the bona fide determination (BFD) process to streamline review for potentially granting employment authorization documents (EADs) to bona fide petitioners. *See* Policy Alert, USCIS (June 14, 2021), available at: https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20210614-VictimsOfCrimes.pdf. Pursuant to the BFD process, USCIS makes a case-by-case determination of whether to issue an EAD. Chapter 5 - Bona Fide Determination Process, USCIS, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5.

Defendants seek dismissal of Plaintiffs' claim that Defendants failed to carry out their adjudicative functions under the BFD process for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). When a defendant moves to dismiss under Rule 12(b)(1),

"[t]he plaintiff bears the burden of establishing subject matter jurisdiction". *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)). In a facial attack on subject-matter jurisdiction such as Defendants make here the Court "gives the non-moving party the same protections available under Rule 12(b)(6)." *Smith v. UnitedHeath Grp. Inc.*, 106 F.4th 809, 813 (8th Cir. 2024).

Defendants assert that what Plaintiffs are challenging are discretionary determinations over which the Court has no subject-matter jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii). Filing 10 at 10. They explain that pursuant to the bona fide determination (BFD) process, USCIS determines whether a U visa petition is "bona fide," and if so, USCIS then determines whether to issue an Employment Authorization Document (EAD). Filing 10 at 7. Defendants assert that the BFD determination is discretionary. Filing 10 at 7. Moreover, Defendants assert that the precise pace of adjudicating the discretionary BFDs and EADs necessarily falls within the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(ii). Filing 10 at 11.

Plaintiffs contend that they have "a clear right" to receive bona fide determinations in a timely manner based on the TVPRA, 8 U.S.C. § 1184(p)(6), and USCIS's own policy implementing the TVPRA. Filing 13 at 3. They argue that their claim is not jurisdictionally barred because they are not seeking a judicial review of an unfavorable exercise of USCIS's discretion; they are instead asserting that USCIS failed to act in accordance with the TVPRA and its own policy. Filing 13 at 4. In essence, they argue that the bona fide determination is merely a procedural screening mechanism that is "ministerial," not discretionary. Filing 13 at 4, 10. They argue that § 1252(a)(2)(B)(ii) is inapplicable because it bars review of discretionary agency decisions but does not bar claims of an agency's failure to act. Filing 13 at 7.

As the Court pointed out in the prior decisions to which it alluded in the introductory paragraph of this decision, 8 U.S.C. § 1252 provides in part that "no court shall have jurisdiction

to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii). With this statute, "Congress stripped federal courts of jurisdiction to review" the discretionary decisions specified. *Bouarfa v. Mayorkas*, 604 U.S. 6, 11 (2024). As the Eighth Circuit Court of Appeals has explained,

> Two elements trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar: (1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151–1381) (Subchapter II). *See Kucana v. Holder*, 558 U.S. 233, 253, 130 S.Ct. 827, 175 L.Ed.2d 694 (2010) (Alito, J., concurring) ("The phrase 'under this subchapter' refers to Subchapter II of Chapter 12 of Title 8, 8 U.S.C. §§ 1151–1381 ....").

*Thigulla v. Jaddou*, 94 F.4th 770, 774 (8th Cir. 2024). As to the second requirement, when Congress states in a statute that the Secretary "may" take certain action, that language "set[s] out the discretionary authority" of the Secretary. *Id*. at 775.

As to the first element, the decision at issue is ultimately whether to "grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6). Section 1184(p)(6) falls within the subchapter to which § 1252(a)(2)(B)(ii) applies. *See Thigulla*, 94 F.4th at 774 (identifying the statutes in the subchapter covered by the jurisdiction-stripping provision as 8 U.S.C. §§ 1151–1381). As to the second element that triggers the jurisdictional bar, § 1184(p)(6) expressly and unequivocally states that the Secretary "may grant work authorization," so that the statute sets out the Secretary's discretionary authority. *See Thigulla*, 94 F.4th at 775 (explaining that use of "may" sets out discretionary authority).

It is true that § 1184(p)(6) does not include a specific authorization for the Secretary to prescribe pertinent regulations for U visa applicants, but § 1184 elsewhere provides that "[t]he

admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe . . . ." 8 U.S.C. § 1184(a)(1). In addition to this authorization to prescribe regulations, there is a "tradition of agency discretion over internal procedures." *Thigulla*, 94 F.4th at 777 (quoting *Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099 (8th Cir. 2016)). As this Court previously observed,

> Nothing in the statutory language compels the Secretary to make any determination. Furthermore, when Congress gave the Secretary discretion to make the determination, including whether to make the determination at all, Congress did not define what a "bona fide application for nonimmigrant status" for a U visa is, nor did Congress define the process the Secretary is to use to decide whether the application is "bona fide." These decisions likewise fall within the discretion of the Secretary not only to decide whether to grant a work authorization but whether to adjudicate a request for a work authorization and according to what process. The Secretary exercised that discretion by defining "bona fide application" for purpose of § 1184(p)(6) and the process to make the determination. See Chapter 5 - Bona Fide Determination Process, USCIS, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5.

*Patel v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV58, 2025 WL 1295470, at *8 (D. Neb. May 5, 2025). Thus, the Court reiterates its prior conclusion that the absence of directives to the Secretary as to whether to grant a work authorization, whether even to consider doing so, and how to make the determination place those matters clearly within what the Eighth Circuit recognized is the "tradition of agency discretion over internal procedures." *Thigulla*, 94 F.4th at 777.

Nevertheless, Plaintiffs allege,

> Based on the TVPRA, Plaintiffs have a clear right to receive bona fide determinations in a timely manner. The issuance of *bona fide* determinations is a ministerial, non-discretionary task that Defendants must perform within a reasonable period of time. *See, Yu v. Brown*, 36 F. Supp. 2d 922,931 (D.N.M. 1999).

Filing 1 at 5 (¶ 23). These are legal conclusions that the Court need not accept as true on a facial challenge to subject-matter jurisdiction, even where a plaintiff is entitled to Rule 12(b)(6) protections. *See Smith*, 106 F.4th at 813 (stating standards for "facial" challenges to subject-matter jurisdiction pursuant to Rule 12(b)(1) include Rule 12(b)(6) protections); *see also Stalley v. Cath.*

*Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (explaining that on a Rule 12(b)(1) facial challenge, courts "giv[e] no effect to conclusory allegations of law," and "[t]he plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right.").

More importantly, in *Thigulla*, the Eighth Circuit explained,

> In the same way [the statute bars review of the agency's determination], § 1252(a)(2)(B)(ii) bars this court's jurisdiction to review the decision to delay adjudicating the [discretionary matter], if that decision is specified under Subchapter II to be in the discretion of the Attorney General. *See Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099-1100 (8th Cir. 2016) (holding § 1252(a) (2)(B)(ii) bars judicial review of the second of the three steps in the green card process, the revoking of I-140 form, because that action was within the discretion of the Attorney General).

*Thigulla*, 94 F.4th at 775. Another judge of this district concluded that § 1252(a)(2)(B)(ii) covers the Attorney General's discretionary decisions about how to prioritize and adjudicate I-601 applications, depriving the Court of jurisdiction to subject such decisions to judicial review. *Boulay v. Jaddou*, 700 F. Supp. 3d 753, 758 (D. Neb. 2023). Yet another judge of this district also concluded that "§ 1252(a)(2)(B)(ii) bars this [C]ourt's jurisdiction to review the decision to delay adjudicating the application for a waiver" of inadmissibility pursuant to I-601. *Salameh v. Garland*, No. 4:22-cv-3258, 2024 WL 1742137, at *2 (D. Neb. April 23, 2024) (quoting *Thigulla*, 94 F.4th at 775). Although the discretionary decisions at issue in this case involve U visa adjudication rather that I-601 adjudication, Plaintiffs' argument that the issuance of bona fide determinations is a ministerial, non-discretionary task that Defendants must perform within a reasonable period of time fails under *Boulay*, *Salameh*, and *Thigulla*.

Plaintiffs argue that "the true necessity of the bona fide determination is that it provides protection from removal and deportations of [U visa] petitioners." Filing 13 at 3. That "true necessity" does not change the discretionary nature of the related determinations and their pace. Likewise unavailing is Plaintiffs' argument that USCIS determines whether a petition is *bona fide*

based on the petitioner's compliance with initial evidence requirements and successful completion of background checks, and only then makes a discretionary adjudication of any national security and public safety risks, as well as any other relevant considerations. Filing 13 at 8. This argument overlooks the holdings in *Boulay*, *Salameh*, and *Thigulla* that the pace of such adjudications falls within the discretion of the Secretary.

Plaintiffs nowhere allege that Defendants have refused to adjudicate their bona fide determinations, only that Defendants have taken too long to do so. Plaintiffs themselves allege that "Defendants report it takes sixty (60) months to issue interim work authorization and deferred action benefits." Filing 1 at 2 (¶ 2). Thus, after approximately fourteen months, Plaintiffs want to be jumped to the head of the line. The Court lacks jurisdiction to order such a thing.

## III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Defendants' Motion to Dismiss, Filing 9, is granted, and this case is dismissed in its entirety for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Judgment shall enter accordingly.

Dated this 29th day of September, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge